UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DRYWALL TAPERS AND POINTERS OF GREATER )
NEW YORK LOCAL UNION 1974, IUPAT, AFL-CIO, )
                                                         )  Index No.: 16-CIV-8658
                 Plaintiffs, )
                                                        )  **COMPLAINT**
      -against- )
                                                        )
EUROTECH CONSTRUCTION CORP., )
                                                        )
               Defendant. )

---

Plaintiff, Drywall Tapers and Pointers of Greater New York Local Union 1974, IUPAT, (hereinafter referred to as the "Union") by its attorneys Barnes, Iaccarino & Shepherd LLP allege as follows:

### JURISDICTION AND VENUE

1. This action is based on the provisions of Section 301 of the Labor Management Relations Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") (29 U.S.C. Section 185).

2. Jurisdiction is conferred upon this court by Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185); and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

3. Venue properly lies in this District under the provision of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C. Section 1391 (b).

4. This action is brought by the Union to obtain injunctive relief, monetary damages and other equitable relief under the Taft-Hartley Act and for breach of contract to secure performance by the Employer of the obligation to abide by and comply with a certain arbitration award and to enforce said award.

## PARTIES

5. The Plaintiff Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York.

6. The Union's principal office is located and administered at 45 West 14th Street, New York, NY 10011.

7. The Defendant, Eurotech Construction Corp., ("Employer"), is upon information and belief a corporation duly organized and exists under the laws of New York State with its principal office and place of business located at 135 West 50th Street, 5th Floor, New York, NY 10020.

## AS AND FOR A FIRST CLAIM FOR RELEIF

8. Plaintiffs repeat and re-allege each and every allegation contained in paragraphs 1 through 7 of this Complaint as if fully set forth herein.

9. The Union and the Employer, are parties to a certain collective bargaining agreement ("CBA") covering certain of its employees.

10. Article XI of the CBA provides that the Employer shall register jobs for all work performed by its employees covered by the Trade Agreement.

11. The Employer failed to register jobs pursuant to Article XI of the CBA for work covered by the Trade Agreement.

12. The Union filed a Demand for Arbitration with the Union's Joint Trade Board ("JTB").

13. The JTB submitted a Notice of Intention to Arbitrate to the Employer.

14. A hearing was duly held before the Joint Trade Committee.

15. An Award of was issued on attached hereto as "Exhibit A".

16. The said Award provided that the Employer, Eurotech Construction Corp., violated the Trade Agreement by failing to register jobs for all work performed by its employees covered by the CBA.

17. The said Award further provided that, as a remedy for the aforesaid violations, the Employer shall pay to the Union the total amount of One Thousand Dollars ($1,000.00) for distribution as provided in the said Award.

18. Eurotech Construction Corp. has failed and refused to comply with the Award.

WHEREFORE, the Plaintiff prays that this Court enter an Order and Judgment confirming and enforcing the said Award; granting judgment against the Employer for One Thousand Dollars ($1,000.00); awarding Plaintiff reasonable attorney fees and the costs and disbursements of this action; and granting Plaintiff such other, further or different relief as the Court may deem just, proper or equitable.

Dated: Elmsford, New York
November ___, 2016

Lauren M. Kugielska, Esq.
Barnes, Iaccarino & Shepherd LLP
*Attorneys for Plaintiff* Drywall Tapers and Pointers of Greater New York Local Union 1974, IUPAT *District Council No. 9, International Union of Painters and Allied Trades, A.F.L.-C.I.O.*
258 Saw Mill River Road
Elmsford, NY 10523
(914) 592-1515

# EXHIBIT A

JOINT TRADE BOARD OF THE DRYWALL TAPERS INDUSTRY
----------------------------------------------------------------------X
In the Matter of Arbitration between:

Drywall Tapers and Pointers of Greater New York
Local Union 1974, Affiliated with International Union
Of Allied Painters and Allied Trades, AFL-CIO

                                    **DECISION**
                            **OF THE JOINT TRADE**
        Union,                                **BOARD**

   -against-

Euro Tech Construction Corp.,

        Employer.
----------------------------------------------------------------------X

Pursuant to Article XXIX of the Collective Bargaining Agreement, (the "CBA")or Trade Agreement ( Agreement) between Drywall Tapers and Pointers of Greater New York Local Union 1974, affiliated with International Union of Painters and Allied Trades, AFL-CIO ( hereinafter "1974" or "Union") and Drywall Taping Contractors' Association of Greater New York and The Association of Wall-Ceiling & Carpentry Industry of New York and the above captioned Employer, Euro-Tech Construction Corp. ("Euro-Tech"), the following constitutes the Decision of the Joint Trade Board of the Drywall Tapers Industry:

Local 1974 served a Notice of Intention to Arbitrate, dated December 8, 2015 pursuant to Article VII of the Agreement charging the Employer with failure to register the job for its projects located at 450 West 45th Street, 1675 Broadway, 390 Greenwich Street, 395 Hudson Street, 330 Hudson Street and 875 3rd Avenue, in New York City, NY (the "projects") from November 17, 2015 through November 25, 2015 in violation of Article XI, Section 1 of the Agreement. By letter dated December 8, 2015 sent by United Postal Service. Euro-Tech was notified that the hearing was scheduled for December 21, 2015 at 12:15 P.M. The hearing was duly held on December 21, 2015 at 12:15 P.M. at 45 West 14th Street, Mezzanine Floor, New York, New York 10011.

The following individuals were in attendance at the hearing:

For Local 1974:
John Drew-President DC9
Anthony Verderosa- Union Representative
Jim Barnett- Union Representative
Anthony Buscemi- Union Representative

Joint Trade Board:
Anthony Buscema- Union Representative
Peter Cafiero-Employer Representative
John Drew- Union Representative

1

Anthony Verderosa- Union Representative
Jim Barnett- Union Representative
John Delollis- Employer Representative
John Donohue- Employer Representative
Karen M. Hertz, Esq. - Attorney for JTB

<u>Claimant Representatives</u>
<u>Ray Morgan- Union Representative</u>
<u>Richie Jacobs, Jr.-Union Representative</u>

<u>Noel Woods appeared on behalf of the Employer.</u>

Ms. Hertz informed the Joint Trade Board, (the "Board") that the Notice of Intent to Arbitrate was sent to Astoria via United Parcel Service on December 8, 2015 and that it was duly received on December 10, 2015 and that the Employer was also notified by fax and by telephone.

Ray Morgan stated that from November 17 through November 25, 2015, he and Richie Jacobs, Jr. visited the jobsites of the Employer at 450 West 31st Street, 1675 Broadway, 390 Greenwich Street, 395 Hudson Street, 330 Hudson Street and 875 3rd Avenue in New York, NY and that upon further inspection, no registrations were made for any of the jobs.

On behalf of Euro-Tech Mr. Woods stated that he had a new project manager on the jobs at the time and that the new employee did not know he was supposed to register jobs. He stated that he spoke with the manager and rectified the situation.

Thereafter, the Board deliberated and found Euro-Tech guilty on all charges.

It is the decision of the Board that Euro-Tech shall pay the following penalties:

6 violations for failure to register jobs (1st offense)     $1,000.00
To be held in abeyance for a year and failure to register jobs within a year
Will result in a second offense of a greater penalty.

The Employer shall file job registrations via fax or email.

This document may be signed in counterparts.

This document may be signed in counterparts.

Date: 12/21/15

_____
Peter Cafiero, Employers' Association
Joint Trade Board

I affirm that I am a member of the Joint Trade Board pursuant to the collective bargaining agreement between the Drywall Tapers and Pointers of Greater New York Local Union 1974, Affiliated with the International Union of Painters and Allied Trades, AFL-CIO and the above captioned Employer, who executed the foregoing instrument, which is the Decision of the Joint Trade Board regarding the hearing held on December 21, 2015.

Affirmed this 21st day of December, 2015

_____
Peter Cafiero

Date: 12/21/15

_____
John Drew, Union Representative
Joint Trade Board

I affirm that I am a member of the Joint Trade Board pursuant to the collective bargaining agreement between the Drywall Tapers and Pointers of Greater New York Local Union 1974, Affiliated with the International Union of Painters and Allied Trades, AFL-CIO and the above captioned Employer, who executed the foregoing instrument, which is the Decision of the Joint Trade Board regarding the hearing held on December 21, 2015.

Affirmed this 21st day of December, 2015

_____
John Drew- Union Representative